# Coale Corporation *v.* Blue Ribbon Coal Company, Appellant.

*Contracts—Sales of personal property—Waiver of written contract—Evidence.*

In an action of assumpsit for the purchase price of coal sold and delivered under written agreement of sale, a defense that the coal was not of the quality stipulated, is insufficient where there was no competent evidence to support such contention.

Where the written contract called for a shipment of coal within a certain time, and defendant requested shipment after the expiration of said period of time, and accepted such shipments, he cannot afterwards rescind the contract for failure to ship the coal within the dates originally specified.

Argued October 15, 1924.    Appeal, No. 29, Oct. T., 1924, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 9291, on verdict for plaintiff in the case of The Coale Corporation v. Blue Ribbon Coal

228, (1924).] Assignment of Error—Opinion of the Court.

Company. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover purchase price of goods sold and delivered. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $1,059.95 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court and answers to points.

*Leon J. Obermayer,* of *Edmonds* and *Obermayer,* and with him *Frederick H. Knight,* for appellant.

*J. T. Manning, Jr.,* of *Conlen, Acker, Manning & Brown,* for appellee.

OPINION BY KELLER, J., December 12, 1924:

This was an action in assumpsit for the purchase price of certain coal delivered by plaintiff to defendant under a written agreement of sale. The contract called for ten carloads unclassified coal, clean, low volatile; shipment to be completed not later than October 26, 1921. The grounds of defense were, (1) that the coal had been rejected because not in accordance with the contract; (2) that shipment was not completed within the time specified. In connection with the defense as to the quality of the coal it was alleged that the plaintiff had orally agreed that the coal delivered under the contract was to meet certain requirements on analysis as respects ash, sulphur, volatility and thermal units.

(1) We need not consider at any length the defense as respects the quality of the coal, or whether under the evidence in this case, the written contract could be varied by the parol agreement as to the analysis; for we agree with the court below that there was no com-

petent evidence in the case that the coal delivered was not clean, low volatile coal, or even that it did not meet the analysis requirements of the parol agreement, if that was properly in the case.   Defendant's letter of November 14, 1921, advising plaintiff that the customer to whom the coal had been shipped, had rejected it because it was not shipped as specified in the contract and was not of the quality called for, though offered in evidence by the plaintiff, and admitted, was not competent evidence to prove the high volatility of the coal or its content on analysis.   It was competent evidence to prove that the coal had been rejected as of its date and the grounds on which the defendant had based such action, but it did not make the hearsay statements of an unknown chemist competent or substantial proof of the quality and analysis of the coal.   There was no other proof on the subject.   Under the evidence in the case it could not be held that there was a breach of contract because the coal was shipped from a mine or mines which had been classified by the Tidewater Exchange. Besides, the contract did not require the coal to be shipped from an unclassified mine.   It simply did not call for coal of any classification beyond being clean and of low volatility.   See Operators Fuel Agency v. Eastern Fuel Co., 83 Pa. Superior Ct. 598.

(2)  As regards the delay in shipping it was admitted that only six cars had been shipped by the date limited in the contract.   But defendant's manager testified that after October 26th, he had called on the plaintiff to ship the remaining coal, with the result that two cars were shipped on October 27th, one on October 28th, and one on November 1st.   Having at the time made no objection on this score, but by his conduct extended the shipping date until all the coal had gone out, he could not two weeks later, rescind the contract because of a failure to ship within the date originally specified.

In view of the foregoing we are not required to consider in detail the assignments of error respecting al-

leged inconsistencies in the charge of the court. If there were any, they were of no disadvantage but rather of benefit to the defendant.

The assignments of error are overruled and the judgment is affirmed.